IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WILLIAM H. GALVIN, JR.,

   Plaintiff,

   v.

OFFICER RICHIE HUFFSTUTLER, and
PERRYVILLE POLICE DEPARTMENT,

   Defendants.

Civil Action No.:  SAG-21-1754

**MEMORANDUM**

    Self-represented Plaintiff William H. Galvin Jr., an inmate currently incarcerated at Cecil County Detention Center in Elkton, Maryland, filed this civil rights action claiming that Defendants used excessive force against him during his arrest.  Complaint, ECF No. 1.  On November 18, 2021, Defendants filed a Motion for Summary Judgment.  ECF No. 15.  Plaintiff filed an opposition on February 25, 2022, styled as a "Motion of Summary Judgment," but which makes no requests of the Court.  ECF No. 17.  A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021).  For the reasons explained below, Defendants' Motion shall be granted and to the extent Plaintiff seeks summary judgment in his favor, his motion is denied.

**Background**

    In his unverified complaint, Plaintiff claims that on September 6, 2019, at approximately 4:00 a.m., Officer Richie Huffstutler fired several gunshots into his vehicle, striking his left arm.  ECF No. 1 at 4, 5.  As a result, he alleges he suffered mental and emotional distress in addition to his gunshot wound.  *Id.* at 5.  Plaintiff requests monetary damages.  *Id.*

    In support of their Motion, Defendants submit the affidavit of Officer Richard Huffstutler.  ECF No. 15-2.  Officer Huffstutler attests that on September 6, 2019, while on a routine patrol he

was notified via radio that the Delaware State Police were in pursuit of a stolen vehicle with a driver reportedly armed with an AK-47 assault rifle. *Id.* at ¶ 3. The driver, who was later identified as Plaintiff, had allegedly posted on Facebook that he would shoot police officers if challenged. *Id.* During the pursuit, the vehicle entered Cecil County, Maryland, and the Maryland State Police, Cecil County Sheriff's Office, and Perryville Police Department took over pursuit of the vehicle. *Id.* at ¶ 4.

Pursuit of the vehicle entered a residential neighborhood and down a dirt road running parallel to railroad tracks, which Huffstutler knew to be a dead-end street. *Id.* at ¶ 5. Huffstutler believed Plaintiff would exit his vehicle and continue to flee on foot, so Huffstutler exited his police vehicle and drew his weapon upon approaching Plaintiff's vehicle. *Id.* Plaintiff did not exit the vehicle and instead turned his vehicle around and drove past several police vehicles before coming upon Huffstutler. *Id.* at ¶ 6. Plaintiff revved his vehicle's engine and started to drive toward Huffstutler at a high speed. *Id.* In fear of his life, Huffstutler fired three gunshots which hit the front grill of the vehicle. *Id.* at ¶ 7.

Plaintiff continued to drive, crossing the train tracks, and hitting a steel slab and then a moving train. *Id.* at ¶ 8. Plaintiff then fled the vehicle and boarded the moving train. *Id.* Plaintiff was eventually apprehended in Front Royal, Virginia. *Id.* Plaintiff is now awaiting trial in the Circuit Court for Cecil County. *Id.* at ¶ 9.

**Standard of Review**

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir.

2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## Discussion

### A. Officer Richard Huffstutler

Defendant Huffstutler argues that he is entitled to summary judgment because he did not violate Plaintiff's Fourth Amendment rights where he was in imminent danger of being struck by a vehicle and deployed deadly force to stop that threat. ECF No. 15-1 at 5. Huffstutler asserts that his use of force was legally justified in light of the circumstances. *Id.* at 7.

Claims of excessive force during an arrest or investigatory stop are examined under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 395-97 (1989); *see also Cty. of Los Angeles v. Mendez*, __ U.S. __, 137 S.Ct. 1539, 1546-47 (2017) ("*The* framework for analyzing excessive force claims is set out in *Graham*."). Reasonableness is assessed by weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Mendez*, 137 S.Ct. at 1546 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). The

operative question is "whether the totality of the circumstances justifies a particular sort of search or seizure." *Id*. (quoting *Garner*, 471 U.S. at 8-9). Factors to be included in making this determination include the severity of the crime at issue, whether there is an immediate threat to the safety of the officer or others, and whether the subject is resisting arrest or attempting to flee. *See Graham*, 490 U.S. at 396. The determination is to be made "'from the perspective of a reasonable officer on the scene' . . . 'based upon the information the officers had when the conduct occurred.'" *Mendez*, 137 S.Ct. at 1546 (first quoting *Graham*, 490 U.S. at 397; then quoting *Saucier v. Katz*, 533 U.S. 194, 207 (2001)). The Constitution "does not require police to gamble with their lives in the face of a serious threat of harm." *Waterman v. Batton*, 393 F.3d 471, 479 (4th Cir. 2005) (quoting *Elliott v. Leavitt*, 99 F.3d 640, 641 (4th Cir. 1996)). Further, "'the right to make an arrest' 'necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it.'" *E.W. ex rel. T.W. v. Dolgos*, 884 F.3d 172, 192 (4th Cir. 2018) (quoting *Graham*, 490 U.S. at 396); *see also Martin v. Gentile*, 849 F.2d 863, 869 (4th Cir. 1988).

Plaintiff challenges Huffstutler's version of events, asserting that his vehicle was not stolen, he did not possess any weapons, and did not make any threats towards law enforcement officers. ECF No. 17 at 1. Plaintiff also claims that Huffstutler's affidavit is contradicted by other officer's reports and other reports Huffstutler has given himself. *Id.* However, Plaintiff fails to submit any admissible evidence for the record, attaching only various non-consecutive pages of what appear to be investigatory notes regarding the incident. *See* ECF No. 17-1.

Here, viewing the evidence in the light most favorable to Plaintiff, the court finds that the factors to be considered weigh in favor of Huffstutler. Even if the court accepts as true Plaintiff's assertions that his vehicle was not stolen and he was not in possession of a weapon which he had threatened to use, the court must consider the circumstances from the perspective of what Huffstutler knew at the time of the use of force. There is no evidence in the record to dispute that

Officer Huffstutler believed Plaintiff to be armed during the pursuit and believed that when Plaintiff turned his vehicle around towards the officers and started driving quickly towards him, that it was Plaintiff's intention to hit him.  As such, in light of the immediate threat posed by Plaintiff's actions and his protracted attempt to flee from law enforcement, the court finds that Officer Huffstutler's actions were reasonable efforts to protect himself from a serious threat of harm.  Accordingly, summary judgment shall be granted in his favor.

### B. Perryville Police Department

Perryville Police Department argues that it is entitled to summary judgment because it is not an independent governmental entity subject to suit. ECF No. 15-1 at 8.  Essential to sustaining an action under § 1983 are the presence of two elements: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  There is no legal entity named Perryville Police Department, and therefore, it is not a "person" subject to suit pursuant to § 1983.  *See Jackson v. Hagerstown Task Force*, No. WDQ-10-182, 2010 U.S. Dist. LEXIS 115783, at *7 (October 28, 2010) ("[P]olice departments and county government agencies may not be sued because they are not independent governmental entities." (internal quotation and citation omitted)).

### Conclusion

For these reasons, Defendants' Motion for Summary Judgment is GRANTED.  Judgment is entered in favor of Defendants.  A separate Order follows.

<u>May 11, 2022</u>　　　　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　Stephanie A. Gallagher
　　　　　　　　　　　　　　　　　United States District Judge